(No. 22455.—)
SULLIVAN WELLS, Appellee, *vs.* THE UNITED AMERICAN BENEFIT ASSOCIATION, Appellant.

*Opinion filed June 19, 1934.*

ALBERT E. ISLEY, for appellant.

Mr. JUSTICE ORR delivered the opinion of the court:

From a judgment for $10 rendered in the circuit court of Jasper county on a suit to recover the amount alleged to be due under a $500 mutual insurance certificate a writ of error was prosecuted from the Appellate Court for the Fourth District. There the judgment was reversed, with directions to render judgment for $500, with interest. From this last judgment the appellant, the United American Benefit Association, has attempted to bring the case here on appeal.

The action is in assumpsit and the litigation concerns a sum less than $1000, and no franchise or freehold or the validity of any statute is involved. Section 121 of the old Practice act, as well as section 75 of its successor, the Civil Practice act of June 23, 1933, which became effective Janu-

ary 1, 1934, both provide that judgments of the Appellate Courts in such cases shall be final unless a majority of the judges "shall be of opinion that a case (regardless of the amount involved) decided by them involves a question of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court, they may in such case grant leave to appeal to the Supreme Court on petition of parties to the cause, in which case the said Appellate Court shall certify to the Supreme Court the grounds of granting said appeal." The record before us fails to contain any certificate by the judges of the Appellate Court that the case "involves a question of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court." It also fails to disclose any petition by appellant for a certificate of importance. The record contains only an order dated January 9, 1934, signed by the three Appellate Court judges, wherein "it is hereby ordered that a certificate of importance be and is hereby allowed to have reviewed in the Supreme Court the decision of this court in said cause filed on the 26th day of December, A. D. 1933, and which involves the construction of the following clause in a certificate of insurance," etc. But the certificate of importance referred to in the order does not appear in the record and apparently was never issued. The order does not contain the statutory grounds required for a review, as the statute has not made the construction of an insurance certificate a cause for granting appeals in such cases. No certificate of importance was allowed by the Appellate Court, and the order above referred to was insufficient to confer jurisdiction on this court. *Lamar Ins. Co.* v. *Gulick,* 96 Ill. 619.

The appeal is therefore dismissed.

*Appeal dismissed.*